IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND,<br>OFFICE OF THE ATTORNEY GENERAL,<br>200 St. Paul Place, 16th Floor<br>Baltimore City, MD 21202<br><br>    Plaintiff,<br><br>    v.<br><br>UNIVERSAL ELECTIONS, INC.<br>Suite T-10<br>1900 East Northern Parkway<br>Baltimore City, MD 21239<br><br>    and<br><br>JULIUS HENSON<br>1500 North Decker Avenue<br>Baltimore City, MD 21213<br><br>    and<br><br>RHONDA RUSSELL<br>3703 18th Street, N.E.<br>Washington, DC 20018<br><br>    Defendants. | Case No. _____ |

## COMPLAINT

The Plaintiff, the State of Maryland, by and through Attorney General Douglas F. Gansler, brings this action to enforce the provisions of the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, *et seq*. The Attorney General has reason to believe that Defendants have engaged or are engaging in a pattern or practice of telephone calls or other transmissions to Maryland residents in violation of the Telephone Consumer Protection Act TCPA., and the regulations set forth in 47 C.F.R. §

64.1200. The State of Maryland is commencing this action on behalf of its citizens to enjoin such calls and to recover damages for each violation. The State of Maryland alleges the following:

## SUMMARY OF COMPLAINT

1.  Automatic dialing phone systems are capable of delivering a large number of artificial or prerecorded voice messages to homes and businesses in a short period of time. For this reason, such systems have been used for a wide variety of commercial and non-commercial purposes. However, due to the privacy and public safety concerns raised by the use of these dialing systems, Congress enacted the TCPA. The TCPA places restrictions on the use of these dialing systems and empowers the Federal Communications Commission ("FCC") to promulgate rules to achieve the purposes of the TCPA. Title 47 U.S.C. § 227(d) of the TCPA and 47 C.F.R. § 64.1200(b) of the accompanying FCC rules require that all artificial or prerecorded telephone messages adhere to certain technical and procedural standards. Specifically, these messages are required to contain two disclosures: (1) the identity of the business, individual, or other entity that is responsible for initiating the call, and (2) the telephone number of such business, individual, or other entity that initiated the call. A purpose of the requirement that the sender of a prerecorded message identify himself or itself is so that the recipients of the messages will better understand why the messages are being sent.

2.  On Election Day, November 2, 2010, Defendants Universal Elections, Inc., Julius Henson, and Rhonda Russell initiated in excess of 112,000 prerecorded telephone messages to Maryland residents, the majority of whom were registered Democrats residing in Baltimore City and Prince George's County. The calls were placed before the polls closed and suggested that Governor O'Malley had been reelected and that the recipients of the calls did not need to vote. These messages violated the TCPA because they did not contain the required disclosures.

## JURISDICTION AND VENUE

3. The State of Maryland is asserting claims under the TCPA. The State of Maryland is authorized to bring this action enforcing the TCPA pursuant to 47 U.S.C. § 227(f)(1).

4. The district courts of the United States have exclusive jurisdiction over actions brought pursuant to the TCPA by states on behalf of their residents pursuant to 47 U.S.C. § 227(f)(2).

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391 because, *inter alia*, the prerecorded voice messages at issue were delivered to telephone lines in the District of Maryland.

## PARTIES

6. Plaintiff is the State of Maryland, by and through Douglas F. Gansler, the duly elected Attorney General for the State of Maryland. This action has been brought in the public interest to prohibit the Defendants from delivering prerecorded voice messages to Maryland residents in violation of the TCPA. The Attorney General brings this action to obtain damages and injunctive relief pursuant to 47 U.S.C. § 227(f)(1).

7. Defendant Universal Elections, LLC ("Universal Elections") is a Maryland limited liability corporation whose main office is located in Baltimore City, Maryland. Universal Elections offers various services to candidates for political office, including, but not limited to, broadcasting prerecorded voice messages to voters.

8. Julius Henson is an owner and officer of Universal Elections. Defendant Henson is a resident of Baltimore City. Defendant Henson is employed by Universal Elections as a political consultant.

9.  Rhonda Russell is an employee of Universal Elections. Defendant Russell is a resident of the District of Columbia. Defendant Russell is employed by Universal Elections as a political consultant.

## ALLEGATIONS

10. The Defendants were hired as political consultants by the political campaign of Maryland gubernatorial candidate Robert L. Ehrlich, Jr.

11. On or about Election Day, November 2, 2010, while acting as political consultants for the Ehrlich campaign, the Defendants retained Robodial.org, LLC ("Robodial"), a Media, Pennsylvania-based company that provides a variety of telecommunications services, including voice telephone broadcasting services on behalf of political clients.

12. The Defendants retained Robodial for the purpose of broadcasting prerecorded voice messages to telephone numbers situated in Maryland.

13. When the Defendants contacted Robodial, they uploaded on Robodial's website a list of more than 112,000 telephone numbers belonging to Maryland residents to whom they wanted Robodial to deliver a prerecorded message. The telephone numbers called belonged predominantly to residents of Baltimore City and Prince George's County who had registered to vote as Democrats.

14. At the same time the Defendants uploaded the telephone numbers of persons to whom the Defendants wanted a prerecorded message to be delivered, the Defendants also uploaded on Robodial's website two recordings of the same message they wanted delivered to the above referenced list of Maryland voters. The messages, as recorded by Defendants, stated as follows:

> Hello. I'm calling to let everyone know that Governor O'Malley and President Obama have been successful. Our goals have been met. The polls were correct and we took it back. We're okay. Relax. Everything is

4

fine. The only thing left is to watch it on TV tonight. Congratulations and thank you.

15. On Election Day, November 2, 2010, the prerecorded voice message quoted above was broadcast to the phone numbers of more than 112,000 Maryland residents chosen by Defendants. The message did not state either the identity of the individual, business, or other entity responsible for initiating the call or the telephone number of the individual, business, or other entity responsible for initiating the call.

16. Defendants omitted the identifying information required by the TCPA in order to disguise the purpose of their calls. Had Defendants advised voters that the calls were being made on behalf of the campaign of Robert L. Ehrlich, Jr., it would have changed the message conveyed by the calls – that Governor O'Malley had been successful and did not need the recipients' votes.

## CAUSE OF ACTION

17. The Defendants, acting in concert, initiated the above described prerecorded messages to Maryland residents and did not clearly identify those responsible for initiating the telephone calls at issue and did not provide a telephone number that the recipients of the prerecorded messages could call, in violation of 47 U.S.C. § 227(d) of the TCPA and 47 C.F.R. § 64.1200(b) of the FCC rules.

18. The Defendants' failure to identify the parties who initiated the telephone calls at issue and failure to provide a telephone number that the recipients of the prerecorded messages could call are violations of 47 U.S.C. § 227(d) of the TCPA and 47 C.F.R. § 64.1200(b) of the FCC rules.

19. Each call initiated by the Defendants in violation of the TCPA and the FCC rules constitutes a separate violation. The Defendants committed a total of more than 112,000 violations.

20.     The Defendants' violations of the TCPA and its accompanying FCC rules were knowing and willful.

## PRAYER FOR RELIEF

Wherefore, the State of Maryland respectfully requests that this Court enter judgment against each Defendant, jointly and severally, on the claim alleged above and award the following relief:

a. A permanent injunction prohibiting the Defendants from future violations of the TCPA;

b. Monetary damages in the amount of $500 for each violation of 47 U.S.C. § 227(d) of the TCPA, as authorized by 47 U.S.C. 227(f)(1), which damages Plaintiff requests be trebled by the Court because Defendants' violations of the TCPA were knowing or willful;

c. All attorneys fees and costs of the suit; and

d. All such other relief as the Court may deem just and proper.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General

William D. Gruhn, Bar No. 03790
Philip D. Ziperman, Bar No. 12430
Assistant Attorneys General
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
wgruhn@oag.state.md.us
pziperman@oag.state.md.us
(410) 576-6374
(410) 576-6566 (fax)